## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **DAVID PHILLIPS**<br>2155 McIntosh Drive<br>Holland, Ohio 43528<br><br>       **Plaintiff,**<br>vs.<br><br>**ANCHOR GLASS CONTAINER**<br>c/o Corporation Service Company,<br>Statutory Agent<br>50 West Broad Street<br>Suite 1330<br>Columbus, Ohio 43215<br><br>       **Defendant.** | **CASE NO.:**<br><br>**Judge**<br><br>**COMPLAINT WITH JURY DEMAND**<br><br>**Widman & Franklin, LLC**<br>Marilyn L. Widman (0068446)<br>Kera L. Paoff (0082674)<br>405 Madison Ave., Suite 1550<br>Toledo, Ohio 43604<br>Ph.: (419) 243-9005<br>Fax: (419) 243-9404<br>marilyn@wflawfirm.com<br>kera@wflawfirm.com<br><br>Attorneys for Plaintiff,<br>David Phillips |

Now comes Plaintiff David Phillips, complaining of Defendant Anchor Glass Container, and alleges as follows:

### PARTIES

1. Plaintiff David Phillips ("Phillips"), is an individual citizen of the State of Ohio, residing in the Village of Holland, Lucas County.

2. Defendant Anchor Glass Container ("Defendant"), is a foreign company registered to conduct business in the State of Ohio.

1

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1988, 29 U.S.C. § 2617, and 28 U.S.C. § 1331 because the claims arise out of the laws of the United States.

4. Venue is properly laid in the Northern District of Ohio under 28 U.S.C § 1391(b) because the claims alleged herein arose in Lucas County, Ohio, and Defendant is doing business within the jurisdiction of the Court.

## FACTUAL ALLEGATIONS

5. At all times relevant, Defendant employed fifteen (15) or more employees and therefore is an employer as defined in 42 U.S.C. § 12111(5).

6. Phillips is an individual formerly employed by Defendant and is therefore an employee as defined in 42 U.S.C. § 12111(3).

7. Defendant was, at all times relevant to this Complaint, engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C. §2611(4).

8. Phillips initially consulted for Defendant for several months between 2013 and 2014, and he became a full-time employee of Defendant in October 2014.

9. Phillips worked for Defendant beginning in October 2014 as a Tech Service Representative for a territory that included Ohio, Indiana, Illinois, Wisconsin, Minnesota, Michigan, and parts of Canada.

10. Throughout his employment, Phillips had an excellent work record and performed his job duties competently.

11. Phillips was qualified for the position that he held with Defendant.

12. In November 2019, Phillips announced his interest in retiring at the end of calendar year 2019, and Defendant began negotiations with Phillips to secure his continued employment with Defendant, beyond the end of 2019.

13. On or about December 30, 2019, Phillips and Defendant executed a written agreement wherein Defendant would increase Phillips' salary to $95,000.00 a year in exchange for Phillips staying employed with Defendant through June 30, 2020, specifically to train his replacement. Despite this arrangement, Defendant did not post a bid for Phillips' position to secure his replacement.

14. Approximately eight weeks later, business operations and the stock market in the United States began to suffer the unexpected and catastrophic effects of the COVID-19 pandemic.

15. As a result of the pandemic, Phillips decided he did not want to retire in June 2020, in part because of the effect of the pandemic on his retirement funding.

16. On Saturday, March 15, 2020, Phillips notified Defendant in writing that he "would like to stay on with the company until further notice," to which Defendant responded, "OK, thank you Dave. Please keep us posted on when you decide to reconsider retirement."

17. In April 2020, Phillips learned from his physician that Phillips needed to undergo a biopsy, as a result of blood test results. Phillips did so and received a diagnosis of prostate cancer on or about May 12, 2020.

18. Phillips notified Defendant of the diagnosis in May 2020, and he continued to perform his job duties until July 6, 2020, at which time he took a medical leave of absence for surgery.

19. Phillips requested medical leave under the Family Medical Leave Act ("FMLA") from Defendant in June 2020, to cover his absence for surgery and recovery in July 2020, expected to end on or about August 7, 2020.

20. On June 29, 2020, one week before Phillips' surgery, Defendant indicated in a telephone conversation to Phillips that it approved his FMLA request but Phillips' employment would end on the date Phillips' doctor released him to return to work. This came as a total surprise to Phillips.

21. On July 1, 2020, Phillips told Defendant in an email that he was concerned Defendant was ending his employment due to his medical condition and upcoming FMLA leave. In the same email, Phillips said he expected to return to work in August 2020, upon release by his doctors. Defendant did not respond to Phillips' July 1, 2020, email.

22. On August 13, 2020, Phillips' doctor approved his return to work on August 17, 2020, and when Phillips communicated this to Defendant, Defendant sent Phillips an email stating his last day of employment would be August 17, 2020.

23. On or about October 9, 2020, Phillips filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on disability.

24. On or about January 11, 2021, the EEOC issued Phillips a Notice of Right to Sue letter, a copy of which is hereto attached and marked as Exhibit A. This suit is being filed within ninety (90) days of Phillip's receipt on January 19, 2021, of the Right to Sue letter.

## COUNT ONE
## Disability Discrimination
## 42 U.S.C. §12101 et seq.

25. Phillips realleges paragraphs one 1 through 24 as if fully set forth verbatim below.

26. Phillips is a qualified individual with a disability as defined in 42 U.S.C. § 12111(8).

27. Phillips suffers from a physical impairment that substantially limits one or more major life activities; Phillips has a record of such an impairment; and/or Defendant regards Phillips as having such an impairment.

28. Despite his disability, Phillips was able to perform the essential functions of his job with or without a reasonable accommodation.

29. Defendant violated 42 U.S.C. §12101, et seq. by terminating Phillips based upon his disability or record of disability or because Defendant regarded him as having a disability.

30. Defendant also failed to reasonably accommodate Phillips's disability.

31. Defendant's actions violate the ADA.

32. As a direct and proximate result of Defendant's actions as set forth above, Phillips has been damaged. Phillips has suffered:

    a. Lost wages and fringe benefits;

    b. Loss of the opportunity to continue the gainful employment in which he had been engaged;

    c. Loss of future earning and front pay;

    d. Loss of reputation;

    e. Humiliation, embarrassment and loss of self-esteem resulting from his abrupt termination from employment; and

    f. Time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including costs and reasonable attorney's fees of this action.

## COUNT TWO
## Violation of FMLA
## 29 U.S.C. §§2601 et seq.

33. Phillips realleges paragraphs one 1 through 24 as if fully set forth verbatim below.

34. At all times relevant herein, Phillips was employed by Defendant for at least twelve (12) months and had at least one thousand two hundred fifty (1250) hours of service with Defendant and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

35. As outlined above, during his employment with Defendant, Phillips suffered from a "serious health condition" as that term is defined in 29 U.S.C. §2611(11), which required him to request and take FMLA leave.

36. Defendant certified that Phillips was eligible for and granted his request for a leave of absence under the FMLA.

37. Defendant violated the provisions of 29 U.S.C. §§2601 et seq. including 29 U.S.C. §2615 by interfering with, discouraging, restraining or denying Phillips the exercise of rights provided under the FMLA and/or by discriminating and retaliating against Phillips for asserting or otherwise exercising or attempting to exercise his rights under the Act.

38. As a direct and proximate result of Defendant's conduct, Phillips has been damaged. Phillips has suffered:

    a.  Lost wages and fringe benefits;

    b.  Loss of future earnings and front pay; and

    c.  Time and money in endeavoring to protect himself from Defendant's violation of the FMLA, including costs and reasonable attorney's fees of this action.

**WHEREFORE**, Phillips prays that this Court award him as follows:

A. Such equitable relief as is proper as compensation for Phillips's loss of the opportunity to engage in gainful employment, including relief in the form of front pay;

B. An amount to be determined at trial for compensatory damages, and the humiliation, embarrassment, loss of reputation and loss of self-esteem that resulted from Defendant's abrupt termination of his employment;

C. An amount to be determined at trial as compensation for lost insurance and other fringe benefits;

D. Back pay from the date of trial with interest;

E. Punitive damages;

F. Liquidated damages;

G. All remedies available pursuant to 29 U.S.C. §2617;

H. Reasonable attorney's fees and the costs of this action; and

I. Such other and further relief as may be just and equitable.

Respectfully submitted,

WIDMAN & FRANKLIN, LLC

/s/ Marilyn L. Widman
Marilyn L. Widman
Attorney for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

/s/ Marilyn L. Widman
Marilyn L. Widman